UNITED STATES of America,
Appellee,

v.

Larry W. ALSTON, Defendant–
Appellant.

No. 04–5189–CR.

United States Court of Appeals,
Second Circuit.

May 26, 2005.

Harry Sandick, Assistant United States Attorney, (Adam B. Siegel, Assistant United States Attorney, of counsel), for David N. Kelley, United States Attorney for the Southern District of New York, New York, NY, for Appellee, of counsel.

Thomas H. Nooter, Freeman, Nooter & Ginsberg, New York, NY, for Plaintiff–Appellant.

Present: CARDAMONE, KATZMANN, Circuit Judges, and KRAVITZ, District Judge.[1]

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

This appeal challenges the district court's denial of Larry W. Alston's motion for a new trial. On June 13, 2001, a jury

1. Hon. Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

convicted Alston of one count of distributing and possessing with the intent to distribute crack cocaine and acquitted him on a separate count of distributing and possessing with intent to distribute crack cocaine and a count of conspiracy to distribute and possess with intent to distribute crack cocaine. On February 8, 2002, the district court sentenced Alston to a term of 78 months' imprisonment, to be followed by three years' supervised release, and imposed a mandatory $100 special assessment.

The government's case against Alston relied in large part on testimony provided by an informant, Victor Fantauzzi. The only other evidence offered in this case included two audiotapes recorded by Fantauzzi during his work as an informant (only one of which was substantially audible), the plea allocution of Alston's alleged co-conspirator, and the drugs purchased by Fantauzzi while acting as an informant. Alston was only convicted on the count for which Fantauzzi's testimony against Alston was corroborated, at least in relevant part, by the clearer of the two audiotapes.

In January 2004, a two-count information was filed against Fantauzzi. In it, the government alleged that while assisting the government in another narcotic investigation, Fantauzzi stole from funds provided to him by agents and fabricated an apparently innocent person's involvement in drug transactions. On April 15, 2004, Alston made a motion for a new trial, asserting that the information filed against Fantauzzi constitutes "newly discovered evidence" under Fed.R.Crim.P. 33 that requires a new trial. The district court denied this motion by order dated September 20, 2004.

Alston appeals the denial of this motion. "We review a district court's denial of a motion for a new trial for abuse of discre-

tion." *United States v. Brunshtein*, 344 F.3d 91, 101 (2d Cir.2003).

The district court's ruling was not an abuse of discretion. To obtain a new trial based on newly discovered evidence, a defendant must show (among other things) that "the evidence is not 'cumulative' of other evidence introduced at trial." *United States v. Diaz*, 176 F.3d 52, 106 (2d Cir.1999) (quoting *United States v. White*, 972 F.2d 16, 21 (2d Cir.1992)). Here, Fantauzzi testified that he was arrested for possession of drugs in 1988; that he worked for many years as the doorman at a drug spot at an apartment building; that he received a Sears credit card in his grandfather's name and made fraudulent charges in the amount of $7,000 for which he was prosecuted and sentenced to probation; that while serving that sentence of probation, he returned to work at the drug spot; that, after he was arrested for his work at the drug spot; he received a sentence of probation as a result of cooperating with the NYPD; and that after he was placed on probation, he advised a friend as to how to commit credit card fraud and received some of the proceeds from that fraud. Although we might find that the new evidence offered here is not strictly cumulative in that it goes directly to Fantauzzi's lack of credibility as a government informant rather than his general lack of credibility, this wealth of evidence of Fantauzzi's tendency toward fraud and deceit leaves us unwilling to find that the district court abused its discretion in denying Alston's motion for a new trial.

Moreover, a new trial is only warranted if "the evidence could have affected the jury's verdict if it had been introduced at trial." *Id.* Here, as discussed *supra*, the jury was willing to convict Alston despite the significant evidence the jury did hear of Fantauzzi's fraud and deceit. However, the jury only convicted Alston on the count

for which Fantauzzi's pertinent testimony was confirmed by an audiotape recording. This suggests that the jury did not rely entirely on Fantauzzi's testimony in convicting Alston and strengthens the likelihood that it would have returned the same verdict even if it had considered the newly discovered evidence.

Accordingly, the district court's September 20, 2004 order denying Alston's motion for a new trial is hereby AFFIRMED.